# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROZINA WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-917 MTS |
| CITY OF ST. LOUIS, STATE OF MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented plaintiff Rozina Williams's amended motion for leave to proceed *in forma pauperis*, Doc. [5], and amended complaint, Doc. [6]. For the reasons stated below, plaintiff will be provided with one final opportunity to comply with this Court's Local Rules and its July 24, 2023 Memorandum and Order.

## Background

Plaintiff is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. She initiated this civil action by filing a document titled, "Adversary Complaint, Bill of Certiorari and Redemption, and Bill of Reversion and Affidavit to Support." Doc [1]. Submitted with the document was a second filing titled, "Motion for Leave to Proceed in Forma Pauperis and Affidavit of Insolventcy [sic] to Support in Truth." Doc [2].

On July 24, 2023, the Court issued an order informing plaintiff that the complaint and motion for *in forma pauperis* status were defective because they had not been drafted on Court forms. Doc [3] (citing E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.")). Plaintiff was provided with the necessary Court forms and given detailed instructions on how to properly present her

claims. *Id.* at 2-4. The Court also instructed her to submit a certified copy of her St. Louis County Justice Center "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of her complaint, which is required when seeking *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2); *see also* 28 U.S.C. § 1915(h) (defining a "prisoner" as including a person detained in any facility who is accused of violations of criminal law). A "certified copy" is one that has been certified by an authorized prison officer that is a true and correct copy. Plaintiff was instructed to submit the required filings by August 24, 2023.

On August 10, 2023, plaintiff mailed to the Court two non-complying documents drafted on notebook paper. First, is a "Motion for Leave to Proceed in Forma Pauris [sic] and Affidavit to Support Insolvency." Doc [5]. Second, is a document titled, "Rule 59(b) Torts to Land Claim." Doc [6]. Both documents are defective because they have not been filed on the Court-provided forms. Additionally, to date, plaintiff has not submitted her St. Louis County Justice Center trust fund account statement or institutional equivalent.

**Discussion**

Under 28 U.S.C. § 1915(a)(1), a self-represented plaintiff may request the Court to authorize the commencement of an action without requiring the plaintiff to prepay fees, costs, or security. However, the opportunity to proceed *in forma pauperis* is not a right, but a privilege. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir.1982). Merely asking the Court for *in forma pauperis* status is insufficient. Plaintiff must answer the financial questions on the Court-provided motion form, which was mailed to her, and support the request with a certified copy of her prison account statement.

The Court notes that plaintiff indicates she is bringing the motion "in her sovereign immunity capacity." *See* Doc [5] at 1. Any contention by plaintiff that she is somehow excused

2

from complying with federal rules or statutes based on her sovereign citizen status is meritless. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (assertion that federal courts "have no civil jurisdiction over a sovereign citizen" was frivolous); *United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); and *United States v. Hardin*, 489 Fed. Appx. 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen).

Further, plaintiff's amended complaint does not comply with any of the Court's instructions outlined in its July 24, 2023 Memorandum and Order. Among the numerous pleading deficiencies, it is drafted on five pages of notebook paper, the caption does not clearly name every party she is intending to sue, it does not contain a short and plain statement of the factual allegations supporting her claim, and it is wholly unclear what claims she is alleging against each defendant.

Because plaintiff is proceeding without counsel, the Court will give plaintiff one **final** opportunity to file a motion for leave to proceed *in forma pauperis* and amended complaint on the Court-provided forms and in compliance with the instructions herein. Plaintiff will be given **twenty-one (21) days** in which to comply. Failure to comply will result in the dismissal of this action without prejudice and without further notice.

**Instructions for Amended Complaint**

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without

legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. **Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure. Plaintiff should fill out the complaint form in its entirety. All claims in the action must be included in one, centralized complaint form.** *See* Fed. R. Civ. P. 7(a)(1), 8(a).

Plaintiff should type or neatly print her amended complaint on the Court's form. If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name every party she is intending to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff is advised to place the assigned case number of this action, Case No. 4:23-CV-917-MTS, in the "Caption" section on the first page of the Court-provided form.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other.  Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. Fed. R. Civ. P. 18(a).

**In structuring the amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should**

4

**write a short and plain statement of the factual allegations supporting her claim against that specific defendant. If plaintiff is suing more than one defendant, she should follow the same procedure for each defendant.** No introductory or conclusory paragraphs are necessary.

The form complaint and motion to proceed *in forma pauperis* must contain the plaintiff's signature as required by Federal Rule of Civil Procedure 11(a) and the Court's Local Rule 2.01(A)(1). The Court requests that she omit the inclusion of her fingerprint within the signature line. No Federal Rule or Local Rule requires the placement of a fingerprint for the filing of civil documents.

If plaintiff fails to comply with this Memorandum and Order within thirty (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff one blank Prisoner Civil Rights Complaint form *and* one blank Civil Complaint form.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must file a second amended complaint on a Court-provided form within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that her second amended complaint will take the place of her prior filings and will be the only pleading that this Court will review.

---

[1] Depending on the claim(s) plaintiff wishes to allege, she can either submit a completed "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" form or a completed "Civil Complaint" form. She must submit one form, **not** both.

**IT IS FURTHER ORDERED** that, if plaintiff wishes to proceed in this matter *in forma pauperis*, she must file such request on the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** after the date of this Order, plaintiff shall submit a certified copy of her St. Louis County Justice Center "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that plaintiff may, in lieu of filing a 'Application to Proceed in District Court without Prepaying Fees or Costs' form supported by a certified copy of her inmate statement, pay the Court's full $402 filing fee.

**If plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 5th day of September, 2023.

/s/ Matthew T. Schelp

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE