UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROZINA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00917-MTS |
| | ) | |
| CITY OF ST. LOUIS, STATE OF | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of self-represented plaintiff Rozina Williams's second amended complaint, supplemental filing, and amended motion to proceed *in forma pauperis*. Docs. [8],[9],[10]. For the reasons stated below, this action will be dismissed for frivolity, failure to state a claim, and failure to comply with this Court's July 24, 2023, and September 5, 2023, Orders.

**Background**

Plaintiff is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. She initiated this civil action by filing a document titled, "Adversary Complaint, Bill of Certiorari and Redemption, and Bill of Reversion and Affidavit to Support." Doc. [1]. Submitted with the document was a second filing titled, "Motion for Leave to Proceed in Forma Pauperis and Affidavit of Insolventcy [sic] to Support in Truth." Doc. [2].

On July 24, 2023, the Court issued an Order informing plaintiff that the complaint and motion for *in forma pauperis* status were defective because they had not been drafted on Court forms. Doc. [3] (citing E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.")). Plaintiff was provided

with the necessary Court forms and given detailed instructions on how to properly present her claims. *Id.* at 2-4. The Court also instructed her to submit a certified copy of her St. Louis County Justice Center "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of her complaint, which is required when seeking *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2); *see also* 28 U.S.C. § 1915(h) (defining a "prisoner" as including a person detained in any facility who is accused of violations of criminal law). A "certified copy" is one that has been certified by an authorized prison officer that is a true and correct copy. Plaintiff was instructed to submit the required filings by August 24, 2023.

On August 10, 2023, plaintiff mailed to the Court two non-complying documents drafted on notebook paper. First, was a "Motion for Leave to Proceed in Forma Pauris [sic] and Affidavit to Support Insolvency." Doc. [5]. Second, was a document titled, "Rule 59(b) Torts to Land Claim." Doc. [6]. Both documents were defective because they were not filed on Court-provided forms. Additionally, she did not submit her St. Louis County Justice Center trust fund account statement or institutional equivalent as directed.

On September 5, 2023, the Court reviewed plaintiff's filings and determined they did not comply with any of the Court's instructions outlined in its July 24, 2023, Memorandum and Order. *See* Doc. [7]. Among the numerous pleading deficiencies, the amended complaint was drafted on five pages of notebook paper, the caption did not clearly name every party she was intending to sue, it did not contain a short and plain statement of the factual allegations supporting her claim, and it was wholly unclear what claims she was alleging against each defendant. The Court further explained that the opportunity to proceed *in forma pauperis* was not a right, but a privilege. As such, she was required to answer the financial questions on the Court-provided form and to support the request with a certified copy of her prison account statement. The Court provided her with

"**one final opportunity** to comply with this Court's Local Rules and its July 24, 2023, Memorandum and Order." *Id*. at 1, 3 (emphasis is original). The Court warned: "Failure to comply will result in the dismissal of this action without prejudice and without further notice." *Id.* at 3.

## Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## Discussion

Subsequent to the Court's September 5, 2023, Memorandum and Order, plaintiff filed three noncomplying documents. First, plaintiff submitted an unsigned Application to Proceed in District Court without Prepaying Fees or Costs with all financial questions answered as "unknown." Doc. [10]. Second, plaintiff submitted an unsigned second amended complaint suing approximately one hundred and thirty-eight defendants for unintelligible claims that the Court cannot decipher. Doc. [8]. Among some of the defendants are herself, the KKK, President Joe Biden, the Federal Trade Commission, the Vatican, the United States Military, Al Qaida, the United Kingdom, Direct TV, Dish Network, Planned Parenthood, Congress, and numerous Jane and John Does. Plaintiff refers to a "torts to land claim," "product company liability," and "admiralty and maritime jurisdiction." She appears to argue property was fraudulently taken from her. Lastly, she filed a third document titled "Memorandum and Supplemental Petition," which, like the second amended complaint, is unsigned and consists of unintelligible statements. Doc. [9].

None of these documents contain plaintiff's signature. Rather, they are marked with the following designation: "Unknown, sui generis, third party," *see* Doc. [8] at 2, Doc. [10] at 2, or "Executor by Appointment Known Third Party in Interest C/O Roxina Williams," *see* Doc. [9] at 3. The Court has been very clear that all documents must contain her signature. *See* Doc. [7] at 5. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of her pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Similarly, the local rules of this Court also require that all filings be signed by a self-represented

party. E.D. Mo. L.R. 2.01(A)(1). These rules cannot be bypassed simply because plaintiff named herself in the caption as: "Unknown, Third Party in Interest Executor by Appointment for the Estate of Missouri, in her autonomous state and sovereign immunity capacity." *See* Doc. [8] at 1.

Plaintiff has also been clearly instructed to provide a short plain statement of the factual allegations supporting her claim, to limit her allegations to a single set of circumstances, and to structure her complaint in a way that allows the Court to determine what specific allegations she is bringing against each defendant. Instead of complying with these instructions, plaintiff submits a statement of claim that fails to explain how the 138 defendants are liable under federal law(s). Plaintiff refers to bringing this action pursuant to 28 U.S.C. § 1259, which deals with the ability of the United States Supreme Court to review decisions of the Court of Appeals for the Armed Forces. Such a provision has no relevancy to the instant action. When describing her injuries, plaintiff states she "suffers [from] not being entered into a treaty, or alliance, or confederation," and requests "an act entitled to audit [and] adjust war debt of the state" for relief. Doc. [8] at 24, 32.

Liberally construing the second amended complaint in this case, the Court can discern no valid claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff has been given two opportunities to amend her complaint to comply with the Federal and Local Rules. However, instead of following the Court's clear instructions, plaintiff has submitted a second amended filing containing a stream of conscious narrative without coherent arguments. It is unintelligible and incomprehensible, which would make it very difficult for the 138 defendants

to admit or deny her allegations. Her amendment simply does not provide any factual basis for a valid legal claim and fails to assert how the named defendants caused plaintiff harm. For these reasons, the complaint is subject to dismissal for failure to state a claim and legal frivolity under 28 U.S.C. § 1915(e)(2). *See Neitzke*, 490 U.S. at 325. *See also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

To any extent plaintiff is intending to bring this action in relation to her self-proclaimed categorization as a sovereign citizen or in her "sovereign immunity capacity," *see* Doc. [8] at 4, such arguments have been widely rejected as "having no conceivable validity in American law." *United States v. Hardin*, 489 Fed. Appx. 984, 986 (8th Cir. 2012) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). *See also United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that defendants' argument that they were "special sovereign citizens" was frivolous). As such, if any of plaintiff's claims are based on her sovereign status, they are not cognizable and frivolous.

Although plaintiff has provided an incomplete motion for *in forma pauperis*, the Court will permit her to proceed without prepaying fees and costs in this action. Because plaintiff indicated all of her finances are "unknown" and did not submit an inmate account statement, the Court will assess a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b); *Henderson v. Norris*, 129 F.3d 481(8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's original and amended motions for leave to proceed *in forma pauperis,* Docs. [2], [10], are **GRANTED**. Plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make her

remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

      **IT IS FINALLY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, for legal frivolity, and for failure to comply with the Court's prior Orders directing plaintiff to amend her filings in compliance with the Local Rules of this Court and the Federal Rules of Civil Procedure.

      **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

      An Order of Dismissal will accompany this Memorandum and Order.

      Dated this 29th day of September, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $402 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).