## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROZINA WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00917-MTS |
| CITY OF ST. LOUIS, STATE OF MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This closed civil matter is before the Court upon a document filed by self-represented plaintiff Rozina Williams titled, "Motion to Amend 'Mispleading' with Court Permission Fed. R. Civ. P. 15(c)(3), Motion for Rehearing and or Appeal, Misnomer Motion for Leave to Substitute Parties a[n]d Joinder, and Motion for Leave to Correct and Set Aside Judgment and Motion for Leave of Court pursuant to Benefices Act 1898 and 28 USCA § 1915 Fed. R. App. P. 24 [illegible] 128; Federal Civil Procedure 2734, in forma specifica [sic] and Petition for Rehearing pursuant to Rule 59(b), Rule 59(e) Rule 60(b)(5)[.]"[1] Doc. [14]. The Court construes this document as a motion for reconsideration or motion to amend. For the following reasons, plaintiff's requests will be denied.

### Background

Plaintiff initiated this action on July 20, 2023, by filing a document titled, "Adversary Complaint, Bill of Certiorari and Redemption, and Bill of Reversion and Affidavit to Support." Doc. [1]. On July 24, 2023, the Court issued an Order informing plaintiff that her complaint and

---

[1] The title continues until the completion of the first page.

motion for *in forma pauperis* status were defective because they had not been drafted on Court forms. Doc. [3]. Plaintiff was given an opportunity to amend both documents and was provided with instructions on how to do so. On August 10, 2023, plaintiff mailed to the Court two non-complying documents drafted on notebook paper: (1) a "Motion for Leave to Proceed in Forma Pauris [sic] and Affidavit to Support Insolvency;" and (2) a document titled, "Rule 59(b) Torts to Land Claim." Docs. [5], [6]. Both documents were defective because they were not filed on Court-provided forms and the caption did not clearly name every party she was intending to sue. Further, plaintiff did not include a short and plain statement of the factual allegations supporting her claim, and it was wholly unclear what claims she was alleging against each defendant. Plaintiff was given a second opportunity to comply with the Court's instructions.

This action was subsequently dismissed on September 29, 2023, for failure to state a claim after plaintiff filed an unsigned second amended complaint suing approximately one hundred and thirty-eight defendants for claims the Court could not decipher. Doc. [8].  Among some of the defendants were herself, the KKK, President Joe Biden, the Federal Trade Commission, the Vatican, the United States Military, Al Qaida, the United Kingdom, Direct TV, Dish Network, Planned Parenthood, Congress, and numerous Jane and John Does. She appeared to argue her property was fraudulently taken from her, but it was unclear how the numerous defendants were personally liable.

Within the instant filing, plaintiff can be understood to seek relief from the Court's dismissal.  Plaintiff claims the undersigned denied her "the right to sue" due to her "national origin, sex . . . sexual orientation, religious creed, disability, age, political beliefs, and reprisal and retaliation for [her] prior civil rights activity." Doc. [14] at 2. She provides no factual support as to these baseless accusations. Plaintiff asserts her complaint should not have been dismissed

2

because the "138 defendants operated in patent infringement and copyrights violation as well to torts to land of Petitioners rights to her socage tenue land soil e[a]rth. Her real and personal property by conspiring together to permanently take and machinized the Constitution for the United States of America."[2] *Id.* at 5.

## Discussion

Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)). Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

The Court has reviewed the instant filing and finds no basis for altering or amending its prior decision. Plaintiff does not point to any manifest errors of law or fact or any newly discovered evidence, nor does she demonstrate any exceptional circumstances warranting relief.

To the extent plaintiff wishes to amend her complaint, such a request will also be denied. The Court will not reopen this matter. Plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." *Fearon v. Henderson*, 756 F.2d 267, 268 (2nd Cir. 1985), *overruled on other grounds by Campos v. LeFevre*, 825 F.2d 671 (2nd Cir. 1987); *cf. United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc.*, 457 F.2d 91, 93 (8th Cir.

---

[2] The text is quoted without correction of spelling or grammatical errors.

1972). "[P]ro se representation does not excuse a party from complying with the Court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Plaintiff had two opportunities to file a complaint in compliance with the Court's instructions, and she failed to do so. This Court's dismissal was without prejudice to plaintiff filing a new lawsuit in the future should she decide to do so; however, the instant action is closed. Plaintiff may not file motions or other documents in this case in an attempt to advance or support previously filed claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Rozina Williams's motion to amend or for reconsideration, Doc. [14], is **DENIED**.

Dated this 3rd day of November, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE